UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL SCOTT TIMMERS,

        Petitioner,

v.                                   Case No. 2:08-cv-80

                                        HON. R. ALLAN EDGAR

JERI-ANN SHERRY,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner Michael Scott Timmers filed this petition for writ of habeas corpus challenging the validity of his state court conviction for kidnapping, first degree criminal sexual conduct, assault with intent to commit murder, and attempted murder.

        Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

        Petitioner has raised the following issues in his petition:

I.  False imprisonment because petitioner did not commit the crimes,

II.  The use of MRE 404(b) evidence,

III.  Errors in the DNA "mitochondrial" evidence, and

IV.  Fingerprint evidence.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." *Id.*  A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law erroneously

or incorrectly." *Id.* at 412.  Rather, the application must also be "unreasonable." *Id.*  Further, the

habeas court should not transform the inquiry into a subjective one by inquiring whether all

reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at

410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is

whether the state court's application of clearly established federal law is "objectively unreasonable."

*Williams*, 529 U.S. at 409.

       The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy,*

160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual

findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This

presumption has always been accorded to findings of state appellate courts, as well as the trial court.

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*,

161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

       Respondent moves to dismiss the petition because petitioner failed to exhaust each

of the claims presented.  Petitioner admits that he did not exhaust three of the claims, but asserts that

his attorney failed to bring these issues on appeal.  Before the court may grant habeas relief to a state

prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).   Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.   *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).   To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.   *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).   "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."   *O'Sullivan*, 526 U.S. at 845.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.   28 U.S.C. § 2254(c).   Petitioner has at least one available procedure by which to raise the issues he has presented in this application.   He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*.   Under Michigan law, one such motion may be filed after August 1, 1995.   M.C.R. 6.502(G)(1).   Petitioner has not yet filed his one allotted motion.   Therefore, he has at least one available state remedy.   Because Petitioner has some claims that are exhausted and some that are not, his application must be dismissed as a mixed petition.   *Rose v. Lundy*, 455 U.S. 509 (1982).

Accordingly, it is recommended that the Court grant respondent's motion to dismiss (Docket #11) and dismiss Petitioner's habeas corpus application without prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds of failure to exhaust state court remedies.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds of failure to exhaust state court remedies. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id***.**  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   December 9, 2008

- 6 -